# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RONALD JEFFERSON, SR., Individually,
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action;

        Plaintiff,

vs.

WALGREEN CO. D/B/A WALGREENS

        Defendant.

_____/

CASE NUMBER:

## COLLECTIVE ACTION COMPLAINT, DEMAND FOR JURY TRIAL, AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, RONALD JEFFERSON, SR. (hereafter "Mr. Jefferson") individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through their undersigned counsel, sues, Defendant, Walgreen Co. d/b/a Walgreens ("WALGREENS"), pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA")., and states as follows:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a Federal Statute, *29 U.S.C. § 216 (b)*.

2.    This Court has personal jurisdiction over this action, because WALGREENS operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Hillsborough County, Florida.

3.    Venue is proper to this Court pursuant to *29 U.S.C. § 216(b)*.

## THE PARTIES

### The Representative Plaintiff

4.    Mr. Jefferson resides in Manatee County, Florida. Mr. Jefferson worked for WALGREENS from July 2004 until April 14, 2010, first as an Assistant Manager and then as an Executive Assistant Manager.

### The Defendant

5.    Defendant, WALGREENS, is a foreign corporation with its principle place of business at 200 Wilmot Road, Deerfield, Illinois 60015. WALGREENS is a publically-traded company that is a nationwide drugstore chain transacting substantial business in Hillsborough County, Florida.

## NATURE OF THE ACTION AND THE CLASS

6.    This collective action arises from an ongoing wrongful scheme by WALGREENS, to deny certain employees overtime benefits due under the FLSA.

7.    Mr. Jefferson, on behalf of himself individually and on behalf of all others similarly situated, hereby alleges that WALGREENS routinely denied him, and those similarly situated, their statutorily mandated rights to overtime compensation under the FLSA.

8.    The Plaintiff Class is comprised of Executive Assistant Managers currently or at any time within the past three years employed with WALGREENS nationwide.

9.    Mr. Jefferson believes he can adequately represent the other class members and consents to doing so.

## FACTUAL BACKGROUND

10.    WALGREENS operates a pharmaceutical and consumer goods company that provides services nationwide.   WALGREENS has over 7,000 stores nationwide all with a

uniform structure as to architectural design, training models for employees, career paths, and process for selecting locations and designing stores. All the stores are corporate-owned, not franchised, ensuring uniformity in all aspects of the store structure and operation.

11.    The overtime wage provisions set forth in FLSA §207 apply to WALGREENS, who engages in commerce under the definition of the FLSA.

12.    The position of Executive Assistant Manager is not a position that falls within any exemptions within FLSA §213.

13.    Mr. Jefferson and other similarly situated employees are currently or have previously been covered under FLSA §207.

14.    Pursuant to FLSA §207, WALGREENS, as the employer of Mr. Jefferson and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

**Mr. Jefferson**

15.    Mr. Jefferson worked for WALGREENS from July of 2004 until April 14, 2010, first as an Assistant Manager and then as an Executive Assistant Manager. Mr. Jefferson was properly paid overtime during his employment as an Assistant Manager; however, upon his promotion to Executive Assistant Manager, he was no longer paid overtime, yet retained most of the same job duties he had as an Assistant Manager.

16.    Mr. Jefferson's duties as an Executive Assistant Manager included making sure certain areas of the store were properly stocked, unloading delivery trucks, stock room maintenance, and minimal supervision of other employees. He did not have the ability to hire or fire other employees. Only the store manager, who was in a superior position to Mr. Jefferson, could hire and fire employees.

17.     Mr. Jefferson was paid a salary of Forty-Eight Thousand Dollars ($48,000.00) per year, which was based on working forty (40) hours per week.

18.     However, Mr. Jefferson typically averaged sixty-five (65) hours of work per week, frequently working six days per week.

19.     Mr. Jefferson worked these hours throughout his three plus years of employment with WALGREENS as an Executive Assistant Manager with the exception of a period when he was demoted to Assistant Manager, but was then reinstated as Executive Assistant Manager thereafter.

20.     The Defendant willfully violated FLSA §207 by failing to pay Mr. Jefferson and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

21.     Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of FLSA §207 that are complained of herein have been practiced and imposed upon all Executive Assistant Managers of WALGREENS nationwide, who have regularly worked in excess of forty hours per week.  There are more than 7,000 stores nationwide, each modeled with uniformity and each with an Executive Assistant Manager at that store location.  In Florida alone, there are approximately 500 stores and thus 500 active class members, plus a large number of individuals no longer employed by WALGREENS and still others promoted to Store Manager or other positions.  Based upon this information, it is likely that the Plaintiff Class is comprised of more than 10,000 current and former employees of WALGREENS.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

22.     Mr. Jefferson brings this FLSA claim on behalf of all Executive Assistant

Managers who work or who have worked for WALGREENS at any time during the Class Period.

23.     WALGREENS has willfully misclassified the FLSA overtime exemption status of Executive Assistant Managers.  WALGREENS has done so uniformly throughout its stores nationwide by quickly promoting Assistant Managers subject to overtime pay to the position of Executive Assistant Managers, who they do not compensate with overtime pay.  As the Walgreens' website explains: "You'll start as a retail management trainee, with the opportunity to advance to **executive assistant manager**, store manager, and then to district manager, overseeing the operations of multiple store locations."  This uniform operation employed throughout company's structure was aimed at avoiding payment of overtime compensation to many of its employees.  The position of Executive Assistant Manager is the same throughout all WALGREENS' stores nationwide with regard to the right to overtime compensation, or lack thereof.

24.     WALGREENS has intentionally and repeatedly engaged in the practice of misclassifying non-exempt Executive Assistant Managers as salaried exempt employees under the FLSA for the purpose of minimizing payroll and increasing profitability.

25.     WALGREENS is liable under the FLSA for failing to properly compensate Executive Assistant Managers who worked over forty (40) hours per week, and as such, notice should be sent to past and current employees of WALGREENS.  It is estimated that there are at least 10,000 current or past similarly situated Executive Assistant Managers who have worked over 40 hours per week without overtime pay in violation of the FLSA.  These similarly situated employees would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to

FLSA §216(b). These similarly situated employees are known to WALGREENS, are readily identifiable, and can be located only through WALGREENS' records.

## CLAIM FOR RELIEF FOR VIOLATION OF FLSA §207

26.     Plaintiff alleges and incorporates by reference paragraphs 4 through 25 of this Complaint and fully restates and re-alleges all facts and claims herein.

27.     WALGREENS has willfully and intentionally engaged in a nationwide pattern and practice of violating the provisions of the FLSA, by misclassifying Executive Assistant Managers as exempt under the FLSA overtime wage provision, thereby improperly failing and/or refusing to pay Mr. Jefferson and the Plaintiff Class, comprised of all current and former similarly situated employees who work or have worked over 40 hours per week, overtime compensation pursuant to FLSA §207.

28.     WALGREENS has operated its business for over 100 years, and is well aware of the FLSA, its provisions and exemptions, and knew or should have known that job title alone (i.e. Executive Assistant Manager) is not controlling of the overtime exemption status of employment under the FLSA.

29.     WALGREENS knowingly and willfully misclassified Mr. Jefferson and other employees similarly situated, comprised of the Plaintiff Class, as exempt for the purposes of decreasing costs and maximizing profitability.

30.     WALGREENS knowingly and willfully failed to track the hours worked by most, if not all of the Executive Assistant Managers, including Mr. Jefferson and other employees similarly situated, comprised of the Plaintiff Class.

31.     WALGREENS knew or should have known that paying Mr. Jefferson and other employees similarly situated, comprised of the Plaintiff Class, on a salary basis, without more,

is insufficient to evade the wage and hour requirements of the FLSA.

32.     The widespread nature of WALGREENS' failure to pay overtime under the FLSA is demonstrative of WALGREENS' plan and scheme to evade and avoid paying overtime to all of their Executive Assistant Managers.

33.     As a result of WALGREENS' violations of the FLSA, Mr. Jefferson and the Plaintiff Class, comprised of all other employees similarly situated, have suffered damages by WALGREENS' failure to pay overtime compensation in accordance with FLSA §207.

34.     WALGREENS has not made a good faith effort to comply with the FLSA, and the overtime compensation requirements with respect to Mr. Jefferson and the Plaintiff Class, comprised of all other employees similarly situated.

35.     Due to WALGREENS' willful violation of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

36.     As a result of WALGREENS' unlawful acts, Mr. Jefferson and the Plaintiff Class, comprised of all other similarly situated employees, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jefferson individually, and on behalf of other past and present Executive Assistant Managers of WALGREENS, requests the following relief:

a)      That Mr. Jefferson be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Executive

Assistant Managers employed by the Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b)      That all past and present Executive Assistant Managers be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

c)      That the Court find WALGREENS in violation of the overtime compensation provisions of the FLSA;

d)      That the Court find WALGREENS' violation of the FLSA was and is willful;

e)      That the Court enjoin WALGREENS, pursuant to *29 U.S.C. §217*, from withholding future payment of overtime compensation owed to members of the Plaintiff Class.

f)      That the Court award to Mr. Jefferson, and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation for previous hours worked in excess of 40 for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216;

g)      That the Court award Mr. Jefferson and the Plaintiff Class reasonable attorneys' fees and costs pursuant to FLSA §216; and

h)      That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this _26_ day of May, 2010.

Respectfully submitted,

_____
Mitchell L. Feldman
Florida Bar No. 0080349
Jonathan T. Gilbert
Florida Bar No. 0064829
Feldman, Fox, Morgado, P.A.
2701 N. Rocky Point Dr., Suite 1000
Tampa, Florida 33607
Tele: (813) 639-9366
Fax: (813) 639-9376
E-mail: MFeldman@ffmlawgroup.com
E-mail: JGilbert@ffmlawgroup.com
Attorney for Plaintiff